Z. Kent Sullivan
BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819
Juneau, Alaska 99803
ph: (907) 789-3166
fax: (907) 789-1913
Attorneys for Plaintiff Reinwand

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA

KURT F. REINWAND and LYNN D. REINWAND, TRUSTEES OF THE KURT F. AND LYNN D. REINWAND LIVING TRUST,

Plaintiff,

vs.

THE UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE, FOREST SERVICE,

Defendant.

AMENDED COMPLAINT TO QUIET TITLE

Case No. J05-016 CV (JWS)

COME NOW Plaintiffs, by and through their attorneys of record, Baxter Bruce and Sullivan P.C., and for their complaint against the above-named Defendant, state and allege as follows:

**PRELIMINARY STATEMENT**

1. This action is brought by Plaintiffs for the purpose of quieting title, as against Defendant, in and to land accreted sea-ward of the original meander line of real property Plaintiffs own in Southeast Alaska. As will be set forth herein, as the result of a survey completed by R & M Engineering on October 20, 2004, it has been determined

that a substantial amount of accretion has taken place sea-ward of Plaintiffs' original meander line. As the record owner of the upland real property, Plaintiff also owns any land which accretes to that upland real property. Defendant owns real property adjacent to Plaintiffs. Plaintiffs have based their newly created metes and bounds legal description on the survey completed by R & M Engineering. Plaintiffs recognize that because Defendant is an adjacent property owner that Defendant might claim an ownership interest in and to their real property which is adverse to their own interest. The present action is intended to place Defendant on notice of the accretions which have occurred and for Court confirmation that Defendant has no right, title or interest in and to the newly identified parcel now forming a part of the upland real property owned by Plaintiff.

**PARTIES**

2. Plaintiffs are individuals, residing in the United States and owning property in Southeast Alaska on the West side of Wheeler Creek, approximately one-half mile south of Game Cove on the West side of Admiralty Island.

3. Defendant, United States of America, holds title, on behalf of the Department of Agriculture, Forest Service, to real property adjacent to Plaintiffs' real property on Admiralty Island, Alaska.

**JURSIDICTION/VENUE**

4. This Court has jurisdiction over this controversy based upon 28 U.S.C. § 2409(a), as the matter involves adjudication of title to real property in which the United States may claim an interest.

5. Venue in this district court is proper, pursuant to 28 U.S.C. § 1391, as many if not all of the allegations against Defendant arose and took place in this district and the real property which is the subject of this action is located in this district.

**CLAIMS FOR RELIEF**

6. Plaintiffs are the fee simple owners of the following described real property on Admiralty Island, Alaska:

> Lot A, Subdivision of U. S. Survey 1159, according to Plat 85-124, Records of the Juneau Recording District, First Judicial District, State of Alaska,
>
> Containing 16.20 acres, more or less.

The above-described real property is delineated on attached Exhibit "1" as "Lot A".

7. Plaintiffs acquired title to the above-described property by deed recorded October 7, 2004 at Serial No. 2004-008921-0, and as further evidenced by a copy the Litigation Guarantee report issued by First American Title, both documents attached as Exhibits "2" and "3" respectively.

8. The tidal affected shoreline of Wheeler Creek, which empties into Game Cove in Chatham Strait, is located contiguous to Plaintiffs' easterly boundary of the above described property. Plaintiffs have prepared a survey of their property described in Paragraph 6 above, which has determined that a substantial accretion has taken place sea-ward of Plaintiffs' original meander line depicted on Exhibit "1" attached hereto. Said accretion is more particularly described as:

> A tract of land lying sea-ward of Lot A, Subdivision of U. S. Survey 1159 according to Plat 85-124, Records of the Juneau Recording District, First Judicial District, State of Alaska, described as:
>
> BEGIN at Corner No. 2 of U. S. Survey 1159, thence S 89° 58' 00" E 725.22 feet to the true point of beginning; run thence S 89° 58' 00" E 110.26 feet; thence S 30° 31' 00" E 192.06 feet; thence S 22° 06' 45" E 96.57 feet; thence S 41° 54' 30" E 52.50 feet; thence S 27° 41' 15" E 324.38 feet; thence S 14° 32' 30" E 245.73 feet; thence N 87° 07' 30" W 247.33 feet; thence N 8° 00' W 569.45 feet; thence N 34° 15' W 293.79 feet to the true point of beginning.
>
> EXCEPT THEREFROM the slough delineated on the plat of R & M Engineering attached hereto as Exhibit 1

Said accretion contains 2.80 acres as evidenced by the attached plat marked as Exhibit "1" and delineated as Accretion Area.

9. Plaintiffs claim ownership of the accreted land sea-ward of the original meander line established at the time of the original survey plat, a copy of said plat being attached hereto as Exhibit "4," and recorded Patent No. 936822, dated May 24, 1924, a copy of which is attached hereto as Exhibit "5."

10. Defendant, the United States of America, claims rights and interests in and to the property being claimed by Plaintiff by virtue of the rights reserved to the United States of America by Patent No. 936822, and by statute.

11. The purpose of the present quiet title action is to quiet title to Plaintiffs' parcel of accreted real property described above.

12. The above-referenced survey was completed by R&M Engineering, Inc., in Juneau, Alaska, on or about September 25, 2004. An original copy of that survey is attached hereto as Exhibit "1."

13. Defendant United States of America, Department of Agriculture, Forest Service ("USA"), among other properties, owns the following described real property on the West side of Admiralty Island:

> Lots B through G, U. S. Survey 1159 according to Plat 85-124, Juneau Recording District, First Judicial District, State of Alaska.

The location of the above-described property is identified on attached Exhibit "1" and delineated as "U. S. Forest Service."

14. The USA acquired its interest in the above-described parcel by a deed, naming The Trust for Public Land as Grantor and the United States of America as Grantee, dated June 27, 1988 and recorded July 1, 1988, in Book 301, at Page 548, records of the Juneau Recording District, First Judicial District, State of Alaska, and attached hereto as Exhibit "6."

15. A dispute with the USA exists as to title of a portion of the accreted property described in Paragraph 8 by virtue of the fact U.S. Forest Service personnel have posted signs at or near the common boundary line between Plaintiffs' Southerly boundary line of Lot A, U.S. Survey 1159, and Defendant's Northerly boundary line of Lot B, U. S. Survey 1159, extending into the accreted area and claiming that the USA owns everything South of this common boundary and its extension into the accreted area.

16. Defendant USA also owns the following described real property on the West side of Admiralty Island:

> That portion Lot 4, Section 16, T44S, R65E, Copper River Meridian in the Tongass National Forest within the Admiralty National Monument, Kootznoowo Wilderness, lying contiguous the Northerly boundary of Lot A, Subdivision of U. S. Survey 1159 according to Plat 85-124, Records of the Juneau Recording District, First Judicial District, State of Alaska.

The location of the above-described property is identified on attached Exhibit "1" and delineated as "Tongass National Forest."

17. The USA acquired its interest in the above-described parcel by Presidential proclamation on December 1, 1978 in the creation of the Admiralty National Monument, Kootznoowoo Wilderness.

18. The State of Alaska ("Alaska"), while not named as a party in the present action, will be named as a party in a contemporaneously filed quiet title action in the Superior Court for the First Judicial District, State of Alaska at Juneau. That case is entitled *Reinwand v. State of Alaska, et al.* As articulated in that action, among other properties, Alaska owns all state tidelands below mean high water line, having acquired them from the federal government on statehood. The location of the accreted area which was previously located below the mean high water mark is identified on attached Exhibit "1" and delineated as "Accretion Area".

**COUNT I - OWNERSHIP BASED UPON COMMON LAW DOCTRINE OF ACCRETIONS**

19. Plaintiffs re-allege Paragraphs 1 through 18 above.

20. Based upon the above-referenced deeds, documentation, research, and findings, Plaintiffs assert that the real property described by the metes and bounds description in Paragraph 8 belongs to Plaintiffs and Plaintiffs claim ownership of the lands accreted as they are the upland owners and believe that they are entitled to the same. Based upon the common law doctrine of accretions, Plaintiffs are the sole owners of the accreted real property described in Paragraph 8.

21. Defendant, USA, is identified in this action, together with Alaska in the quiet title action in the Superior Court for the First Judicial District, State of Alaska at Juneau, entitled *Reinwand v. Alaska, et al.,* Case No. 1JU-05-978 CI, because they all have recorded interests in property directly adjacent to the newly described Accretion Area. As such, these entities may claim an ownership interest in and to the subject property, which is adverse and/or contrary to Plaintiffs' interest. Whatever claims these entities may assert in and to the subject property are inferior to the claims and interests of Plaintiffs.

22. Plaintiffs seek to quiet title to the subject property in their name in order to correct any cloud or ambiguity created by the lack of conveyance and definition in the real property records of the State of Alaska intended to give constructive notice of ownership to the Accretion Area now described by metes and bounds in Paragraph 8.

WHEREFORE, Plaintiff prays that this Court will:

A. Issue a judgment and decree quieting title in favor of the Plaintiff for that real property described as:

A tract of land lying sea-ward of Lot A, Subdivision of U. S. Survey 1159 according to Plat 85-124, Records of the Juneau Recording District, First Judicial District, State of Alaska, described as:

BEGIN at Corner No. 2 of U. S. Survey 1159, thence S 89° 58' 00" E 725.22 feet to the true point of beginning; run thence S 89° 58' 00" E 110.26 feet; thence S 30° 31' 00" E 192.06 feet; thence S 22° 06' 45" E 96.57 feet; thence S 41° 54' 30" E 52.50 feet; thence S 27° 41' 15" E 324.38 feet; thence S 14° 32' 30" E 245.73 feet; thence N 87° 07' 30" W 247.33 feet; thence N 8° 00' W 569.45 feet; thence N 34° 15' W 293.79 feet to the true point of beginning.

EXCEPT THEREFROM the slough delineated on the plat of R & M Engineering attached hereto as Exhibit 1

Said accretion contains 2.80 acres, more or less.

Subject to 1) reservations in the U. S. Patent and/or statutory rights or reservations; 2) rights of the public and governmental bodies in and to that portion of the premises herein described lying below the high water mark of Wheeler Creek.

B. For an order and decree from the Court decreeing that the Defendant, USA's, claims in and to title to the real property described in Paragraph A above are without any right whatsoever, and that Defendant, USA, has no estate, right, title, liens, easements, rights-of-way, or interest in the subject property or any part of the subject property.

C. For such other and further relief as the Court may deem just and appropriate.

DATED this 12th day of May, 2006.

BAXTER BRUCE & SULLIVAN P.C.

By s/ Z. Kent Sullivan

Z. Kent Sullivan, ABA No. 0105038
P.O. Box 32819, Juneau, Alaska 99803
Ph: (907) 789-3166; Fax: (907) 789-1913
zsullivan@baxterbrucelaw.com
Attorneys for Plaintiffs Reinwand

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of May, 2006, a true and correct copy of the foregoing was delivered to the party indicated below via:

Bruce M. Landon, Esq.
U. S. Department of Justice
Environmental& Natural Resource Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Ph: (907) 271-5452
Fax (907) 271-5827
Attorney for Defendant United States of America, Department of Agriculture, Forest Service

By: ☒ Electronically via CM/ECF
☐ U.S. Mail
☐ Fax

By s/ Z. Kent Sullivan

Z. Kent Sullivan, ABA No. 0105038
P.O. Box 32819, Juneau, Alaska 99803
Ph: (907) 789-3166; Fax: (907) 789-1913
zsullivan@baxterbrucelaw.com
Attorneys for Plaintiffs Reinwand

EXHIBITS - TABLE OF CONTENTS
*Reinwand v. U.S*

Exhibit "1" - Revised plat map delineating Lot A, Subdivision of U. S. Survey 1159, according to Plat 85-124, Records of the Juneau Recording District, First Judicial District, State of Alaska,

Exhibit "2" - Limited Warranty Deed recorded October 7, 2004 at Serial No. 2004-008921-0, and evidencing ownership of property described in Exhibit "1."

Exhibit "3" - Litigation Guarantee No. 0239-521554, issued by First American Title Company and dated June 30, 2005.

Exhibit "4" - Plat map of Homestead Entry Survey No. 85 in the Tongass National Forest, on West side of Wheeler Creek, ½ mile South of Game Cove, West side of Admiralty Island, and dated May 7, 1920.

Exhibit "5" - Copy of Patent No. 936822, dated May 24, 1924.

Exhibit "6" - Warranty deed recorded at Book 301, Page 548, and dated June 27, 1988.