Litigation Guarantee (Rev. 6-92)  
Guarantee Form No. 1

Guarantee No.: **0239-521554**



# GUARANTEE

Issued by

*First American Title Insurance Company*  
*2227 North Jordan Avenue, Juneau, AK 99801*  
*Title Officer: Mary Dornbirer*  
*Phone: (907) 789-5252*  
*FAX: (907) 789-7395*

| | |
|---|---|
| Litigation Guarantee (Rev. 6-92) | Guarantee No.: **0239-521554** |
| Guarantee Form No. 1 | Page No.: 1 |



**First American Title Insurance Company**
2227 North Jordan Avenue
Juneau, AK 99801
Phn - (907) 789-5252
Fax - (907) 789-7395

## LITIGATION GUARANTEE

| LIABILITY: | $ | 250.00 | | ORDER NO.: | 0239-521554 |
| FEE: | $ | 250.00 | | | |

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS HERETO ANNEXED AND MADE A PART OF THIS GUARANTEE,

*First American Title Insurance Company*
a Corporation, herein called the Company

GUARANTEES

Baxter Bruce and Sullivan

herein called the Assured, against loss not exceeding the liability amount stated above which the Assured shall sustain by reason of any incorrectness in the assurance which the Company hereby gives that, according to the public records, on the date stated below,

1. The title to the herein described land was vested in the vestee named, subject to the matters shown as exceptions herein, which exceptions are not necessarily shown in the order of their priority; AND

Dated: June 30, 2005 at 8:00 A.M.

*First American Title Insurance Company*

*[signature]*

Mary Dornbirer, Title Officer

Litigation Guarantee (Rev. 6-92)  
Guarantee Form No. 1

Guarantee No.: **0239-521554**  
Page No.: 2

Title to said estate or interest at the date hereof is vested in:

> Kurt F. Reinwand and Lynn D. Reinwand, Trustees, or their successors in trust, under the Kurt F. and Lynn D. Reinwand Living Trust, and any amendments thereto, as to Lot A and the United States of America, as to Lot B

The estate or interest in the land hereinafter described or referred to covered by this Guarantee is:

> Fee Simple Estate

**EXCEPTIONS:**

1. Reservations or exceptions in patents or in acts authorizing the issuance thereof.

2. Rights of the public and of governmental bodies in and to that portion of the premises herein described lying below the high water mark of Wheeler Creek.

3. Any prohibition or limitation on the use, occupancy or improvements of the land resulting from the right of the public or riparian owners to use any waters which may cover the land or to use any portion of the land which is now or may formerly have been covered by water.

NOTE: THIS GUARANTEE IS RESTRICTED TO THE USE OF THE ASSURED HEREIN AND IS NOT TO BE USED AS A BASIS FOR CLOSING ANY TRANSACTION AFFECTING TITLE TO SAID PROPERTY.

Litigation Guarantee (Rev. 6-92)                                                        Guarantee No.: **0239-521554**
Guarantee Form No. 1                                                                    Page No.: 3

The land referred to in this Guarantee is situated in the State of Alaska , Juneau Recording District, and is described as follows:

> Lots A and B, ADMIRALTY ISLAND - U.S. SURVEY NO. 1159, according to Plat 85-124, Juneau Recording District, First Judicial District, State of Alaska.

Litigation Guarantee (Rev. 6-92)  
Guarantee Form No. 1

Guarantee No.: **0239-521554**

## SCHEDULE OF EXCLUSIONS FROM COVERAGE OF THIS GUARANTEE

1. Except to the extent that specific assurance are provided in Schedule A of this Guarantee, the Company assumes no liability for loss or damage by reason of the following:
   (a) Defects, liens, encumbrances, adverse claims or other matters against the title, whether or not shown by the public records.
   (b) (1) Taxes or assessments of any taxing authority that levies taxes or assessments on real property; or, (2) Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not the matters excluded under (1) or (2) are shown by the records of the taxing authority or by the public records.
   (c) (1) Unpatented mining claims; (2) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (3) water rights, claims or title to water, whether or not the matters excluded under (1), (2) or (3) are shown by the public records.
2. Notwithstanding any specific assurances which are provided in Schedule A of this Guarantee, the Company assumes no liability for loss or damage by reason of the following:
   (a) Defects, liens, encumbrances, adverse claims or other matters affecting the title to any property beyond the lines of the land expressly described in the description set forth in Schedule (A), (C) or in Part 2 of this Guarantee, or title to streets, roads, avenues, lanes, ways or waterways to which such land abuts, or the right to maintain therein vaults, tunnels, ramps, or any structure or improvements; or any rights or easements therein, unless such property, rights or easements are expressly and specifically set forth in said description.
   (b) Defects, liens, encumbrances, adverse claims or other matters, whether or not shown by the public records; (1) which are created, suffered, assumed or agreed to by one or more of the Assureds; (2) which result in no loss to the Assured; or (3) which do not result in the invalidity or potential invalidity of any judicial or non-judicial proceeding which is within the scope and purpose of the assurances provided.
   (c) The identity of any party shown or referred to in Schedule A.
   (d) The validity, legal effect or priority of any matter shown or referred to in this Guarantee.

## GUARANTEE CONDITIONS AND STIPULATIONS

**1. Definition of Terms.**
The following terms when used in the Guarantee mean:
   (a) the "Assured": the party or parties named as the Assured in this Guarantee, or on a supplemental writing executed by the Company.
   (b) "land": the land described or referred to in Schedule (A) (C) or in Part 2, and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule (A) (C) or in Part 2, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways.
   (c) "mortgage": mortgage, deed of trust, trust deed, or other security instrument.
   (d) "public records" : records established under state statutes at Date of Guarantee for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge.
   (e) "date": the effective date.

**2. Notice of Claim to be Given by Assured Claimant.**
An Assured shall notify the Company promptly in writing in case knowledge shall come to an Assured hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as stated herein, and which might cause loss or damage for which the Company may be liable by virtue of this Guarantee. If prompt notice shall not be given to the Company, then all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any Assured under this Guarantee unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

**3. No Duty to Defend or Prosecute.**
The Company shall have no duty to defend or prosecute any action or proceeding to which the Assured is a party, notwithstanding the nature of any allegation in such action or proceeding.

**4. Company's Option to Defend or Prosecute Actions; Duty of Assured Claimant to Cooperate.**
Even though the Company has no duty to defend or prosecute as set forth in Paragraph 3 above:
   (a) The Company shall have the right, at its sole option and cost, to institute and prosecute any action or proceeding, interpose a defense, as limited in (b), or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest as stated herein, or to establish the lien rights of the Assured, or to prevent or reduce loss or damage to the Assured. The Company may take any appropriate action under the terms of this Guarantee, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this Guarantee. If the Company shall exercise its rights under this paragraph, it shall do so diligently.
   (b) If the Company elects to exercise its options as stated in Paragraph 4(a) the Company shall have the right to select counsel of its choice (subject to the right of such Assured to object for reasonable cause) to represent the Assured and shall not be liable for and will not pay the fees of any other counsel, nor will the Company pay any fees, costs or expenses incurred by an Assured in the defense of those causes of action which allege matters not covered by this Guarantee.
   (c) Whenever the Company shall have brought an action or interposed a defense as permitted by the provisions of this Guarantee, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from an adverse judgment or order.
   (d) In all cases where this Guarantee permits the Company to prosecute or provide for the defense of any action or proceeding, an Assured shall secure to the Company the right to so prosecute or provide for the defense of any action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of such Assured for this purpose. Whenever requested by the Company, an Assured, at the Company's expense, shall give the Company all reasonable aid in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest as stated herein, or to establish the lien rights of the Assured. If the Company is prejudiced by the failure of the Assured to furnish the required cooperation, the Company's obligations to the Assured under the Guarantee shall terminate.

**5. Proof of Loss or Damage.**
In addition to and after the notices required under Section 2 of these Conditions and Stipulations have been provided to the Company, a proof of loss or damage signed and sworn to by the Assured shall be furnished to the Company within ninety (90) days after the Assured shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the matters covered by this Guarantee which constitute the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the Assured to provide the required proof of loss or damage, the Company's obligation to such Assured under the Guarantee shall terminate. In addition, the Assured may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Guarantee, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the Assured shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the Loss or Damage. All information designated as confidential by the Assured provided to the Company, pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the Assured to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in the above paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this Guarantee to the Assured for that claim.

Form No. 1282 (Rev. 12/15/95)

Litigation Guarantee (Rev. 6-92)  
Guarantee Form No. 1

Guarantee No.: **0239-521554**  
Page No.: 5

**6. Options to Pay or Otherwise Settle Claims: Termination of Liability.**
In case of a claim under this Guarantee, the Company shall have the following additional options:
   (a) To Pay or Tender Payment of the Amount of Liability or to Purchase the Indebtedness.
The Company shall have the option to pay or settle or compromise for or in the name of the Assured any claim which could result in loss to the Assured within the coverage of this Guarantee, or to pay the full amount of this Guarantee or, if this Guarantee is issued for the benefit of a holder of a mortgage or a lienholder, the Company shall have the option to purchase the indebtedness secured by said mortgage or said lien for the amount owing thereon, together with any costs, reasonable attorneys' fees and expenses incurred by the Assured claimant which were authorized by the Company up to the time of purchase.
Such purchase, payment or tender of payment of the full amount of the Guarantee shall terminate all liability of the Company hereunder. In the event after notice of claim has been given to the Company by the Assured the Company offers to purchase said indebtedness, the owner of such indebtedness shall transfer and assign said indebtedness, together with any collateral security, to the Company upon payment of the purchase price.
Upon the exercise by the Company of the option provided for in Paragraph (a) the Company's obligation to the Assured under this Guarantee for the claimed loss or damage, other than to make the payment required in that paragraph, shall terminate, including any obligation to continue the defense or prosecution of any litigation for which the Company has exercised its options under Paragraph 4, and the Guarantee shall be surrendered to the Company for cancellation.
   (b) To Pay or Otherwise Settle With Parties Other Than the Assured or With the Assured Claimant.
To pay or otherwise settle with other parties for or in the name of an Assured claimant any claim Assured against under this Guarantee, together with any costs, attorneys' fees and expenses incurred by the Assured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.
Upon the exercise by the Company of the option provided for in Paragraph (b) the Company's obligation to the Assured under this Guarantee for the claimed loss or damage, other than to make the payment required in that paragraph, shall terminate, including any obligation to continue the defense or prosecution of any litigation for which the Company has exercised its options under Paragraph 4.

**7. Determination and Extent of Liability.**
This Guarantee is a contract of Indemnity against actual monetary loss or damage sustained or incurred by the Assured claimant who has suffered loss or damage by reason of reliance upon the assurances set forth in this Guarantee and only to the extent herein described, and subject to the Exclusions From Coverage of This Guarantee.
The Liability of the Company under this Guarantee to the Assured shall not exceed the least of:
   (a) the amount of liability stated in Schedule A or in Part 2;
   (b) the amount of the unpaid principal indebtedness secured by the mortgage of an Assured mortgagee, as limited or provided under Section 6 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage Assured against by this Guarantee occurs, together with interest thereon; or
   (c) the difference between the value of the estate or interest covered hereby as stated herein and the value of the estate or interest subject to any defect, lien or encumbrance Assured against by this Guarantee.

**8. Limitation of Liability.**
   (a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures any other matter Assured against by this Guarantee in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.
   (b) In the event of any litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title, as stated herein.

   (c) The Company shall not be liable for loss or damage to any Assured for liability voluntarily assumed by the Assured in settling any claim or suit without the prior written consent of the Company.

**9. Reduction of Liability or Termination of Liability.**
All payments under this Guarantee, except payments made for costs, attorneys' fees and expenses pursuant to Paragraph 4 shall reduce the amount of liability pro tanto.

**10. Payment of Loss.**
   (a) No payment shall be made without producing this Guarantee for endorsement of the payment unless the Guarantee has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.
   (b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within thirty (30) days thereafter.

**11. Subrogation Upon Payment or Settlement.**
Whenever the Company shall have settled and paid a claim under this Guarantee, all right of subrogation shall vest in the Company unaffected by any act of the Assured claimant.
The Company shall be subrogated to and be entitled to all rights and remedies which the Assured would have had against any person or property in respect to the claim had this Guarantee not been issued. If requested by the Company, the Assured shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The Assured shall permit the Company to sue, compromise or settle in the name of the Assured and to use the name of the Assured in any transaction or litigation involving these rights or remedies.
If a payment on account of a claim does not fully cover the loss of the Assured the Company shall be subrogated to all rights and remedies of the Assured after the Assured shall have recovered its principal, interest, and costs of collection.

**12. Arbitration.**
Unless prohibited by applicable law, either the Company or the Assured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Assured arising out of or relating to this Guarantee, any service of the Company in connection with its issuance or the breach of a Guarantee provision or other obligation. All arbitrable matters when the Amount of Liability is $1,000,000 or less shall be arbitrated at the option of either the Company or the Assured. All arbitrable matters when the amount of liability is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the Assured. The Rules in effect at Date of Guarantee shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permits a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.
The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.
A copy of the Rules may be obtained from the Company upon request.

**13. Liability Limited to This Guarantee; Guarantee Entire Contract.**
(a) This Guarantee together with all endorsements, if any, attached hereto by the Company is the entire Guarantee and contract between the Assured and the Company. In interpreting any provision of this Guarantee, this Guarantee shall be construed as a whole.
(b) Any claim of loss or damage, whether or not based on negligence, or any action asserting such claim, shall be restricted to this Guarantee.
(c) No amendment of or endorsement to this Guarantee can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

**14. Notices, Where Sent.**
All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this Guarantee and shall be addressed to the Company at 2 First American Way. Bldg. 2, Santa Ana, CA. 92707.

Form No. 1282 (Rev. 12/15/95)