BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:  (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KURT F. REINWAND and LYNN D. REINWAND, )
TRUSTEES OF THE KURT F. AND LYNN D.      )
REINWAND LIVING TRUST                    )
                                         )
                        Plaintiff,       ) Case No. 1:05-cv-0016 (JWS)
                                         )
            v.                           )
                                         )
THE UNITED STATES OF AMERICA,            )
DEPARTMENT OF AGRICULTURE,               )
FOREST SERVICE,                          )
                                         )
                        Defendant.       )
_____)

MEMORANDUM IN SUPPORT OF
MOTION FOR CONFIRMATION OF DISCLAIMER OF INTEREST
AND FOR DISMISSAL

The United States has moved for confirmation of the disclaimer of interest attached

hereto as Defendants' Exhibit 1 and for dismissal of this action.  As set forth below, plaintiffs'

Amended Complaint establishes jurisdiction under the Quiet Title Act (QTA), 28 U.S.C. §

2409a, as to a small portion of the land described in the complaint.  The United States disclaims

MEM. MOT. FOR CONFIRMATION
Reinwand v. US, 1:05-cv-0016 (JWS)          1

that small portion.  The QTA provides that when the court confirms a disclaimer of the United

States, the jurisdiction of the court shall cease unless it has jurisdiction of the civil action or suit

on other grounds.  28 U.S.C. § 2409a(e).  The Amended Complaint does not establish

jurisdiction beyond the land disclaimed.  Accordingly, the Court should confirm the disclaimer

and dismiss the action.  A proposed order confirming the disclaimer and dismissing the action

accompanies the motion.

## BACKGROUND

Plaintiffs are owners of a private inholding in Admiralty Island National Wilderness on

the Tongass National Forest.   Amended Complaint ¶¶ 6, 17.  They trace their title back to a

homestead patent issued in 1924.  Amended Complaint ¶ 9.  The eastern boundary of plaintiffs'

land is a tidally-affected stream.  Amended Complaint ¶ 8.  Since the original survey, there has

been significant accretion to the plaintiffs' uplands.  *Id.*  Plaintiffs seek to quiet title to the

accretions.  The United States owns the uplands adjacent to plaintiffs' north, west and south

boundaries.  Exh. 1 to Amended Complaint.  The national forest land to the immediate south of

plaintiffs' parcel is acquired land. Amended Complaint ¶¶ 13-14.  It was part of the same

homestead through which plaintiffs trace their own title, and was bought by the United States

from the Trust for Public Land in 1988.  *Id.*

In general, the Forest Service views the accretion question as a dispute between plaintiffs

and the State of Alaska.  The Forest Service has taken the position that plaintiffs are entitled to

the accretions up to the line of ordinary high water.  Fed. Def. Exh. 3.   The Forest Service has

also taken the position that the State of Alaska holds the submerged lands below the line of

ordinary high water.  *Id.*  In *Alaska v. United States,* 545 U.S. 75 (No. 128 Original) (2005);

*decree entered,* 126 S.Ct. 1014 (2006)*,* the United States disclaimed (subject to exceptions not

applicable here) title to the marine submerged lands in the Tongass National Forest, including the

tidally affected portions of stream beds.

The Forest Service issues commercial outfitter permits for national forest lands in the

area.  Fed. Def. Exh. 3.  For several years, the plaintiffs have complained that the outfitters or

their clients were trespassing on accretions claimed by plaintiffs.  *Id.*  The Forest Service made

clear to the outfitters that their permits did not allow them to trespass on private land.  *Id.*.  The

outfitters insisted that neither they nor their clients trespassed on the private land.  *Id.*  The

plaintiffs continued to complain that the outfitters and their clients were trespassing on plaintiffs'

land.  *Id.*

In an effort to eliminate conflicts between the plaintiffs and the outfitters, the Forest

Service undertook to survey the accretion in 2003 and posted signs along the southern boundary

of plaintiffs' lot and its accretion.  *Id.*;  Fed. Def.  2.  The signs stated that the land south of them

was national forest land.  Amended Complaint ¶ 15.  The Forest Service surveyor located the

plaintiffs' southern boundary through the accretion by extending the upland boundary line

without a change in bearing from the old meander line to the new line of ordinary high water.

Fed. Def. Exh. 2.

Plaintiffs subsequently had their own survey done.  Plaintiffs' surveyor drew the

boundary by extending the southern boundary from the old meander line to the new line of

ordinary high water using a bearing slightly to the southeast of the bearing of the upland southern

MEM. MOT. FOR CONFIRMATION
Reinwand v. US, 1:05-cv-0016 (JWS)          3

boundary.  Exh. 1, Amended complaint.  Plaintiffs then filed a quiet title action in this Court

against the United States, and another quiet title action in state court against the State of Alaska.

Amended Complaint ¶ 18.

ARGUMENT

## I.  THE COURT HAS JURISDICTION ONLY OVER THE LAND BETWEEN THE BOUNDARY LINE DRAWN BY THE FOREST SERVICE SURVEYOR AND THE LINE DRAWN BY PLAINTIFFS' SURVEYOR

The Quiet Title Act (QTA), 28 U.S.C. § 2409(a), is the exclusive remedy for the

adjudication of the United States' claims to real property.  *Block v. North Dakota,* 461 U.S. 273

(1983).  In the Ninth Circuit, two conditions must exist before a district court can exercise

jurisdiction over an action against the United States under the Quiet Title Act: (1) the United

States must claim an interest in the property at issue; and (2) there must be a disputed title to

property between the interests of plaintiff and the government.  *Leisnoi v. United States,* 267 F.3d

1019, 1023 (9th Cir. 2001).  The first condition does not require that the interest claimed by the

government be disputed.  *Id.*  The second condition is met when the claim of the United States

"clouds the plaintiff's title."  *Id.*

The Amended Complaint satisfies both conditions as to a small portion of the accretion

parcel described in the Amended Complaint.  The first requirement is met as to the entire

accretion because the United States claims an interest in the uplands and accretions by virtue of

easements reserved in the original patent.  Exh. 5 to Amended Complaint; *Leisnoi v. United*

*States,* 170 F.3 1188, 1191 (9th Cir. 1999).

The second condition is met as to the portion of the accretion between the southern

boundary of plaintiffs' lot through the accretion as drawn by the Forest Service surveyor and the line drawn by plaintiffs' surveyor.  When the Forest Service surveyor surveyed the accretion along the southern boundary of plaintiffs' inholding, he extended a "tie" from the point of intersection between the original upland southern boundary of plaintiffs' parcel and the original meanderline to the new line of ordinary high water using the same bearing as the remainder to the southern boundary.  Fed. Def. Exh. 2.  He placed signs along the tie, stating that the land to the south of the sign was national forest property.  Amended Complaint ¶ 15.  Plaintiffs' surveyor extended the southern boundary along a line slightly to the southeast of the bearing used by the Forest Service official.  Thus, there is a disputed title as to the sliver of the accretion south of the tie marked by the Forest Service official and north of the southern boundary as surveyed by plaintiffs' surveyor.  Attached to this memorandum is a diagram showing the disputed area, which forms a triangle with sides: 243.62, 13.55 and 247.33 feet.  Fed. Def. Exh. 4.  The area of the sliver is approximately 1600 square feet, or one twenty-seventh of an acre.

## II.  THE COURT SHOULD CONFIRM THE DISCLAIMER OF THE UNITED STATES

The location of plaintiffs' southern boundary through the accretion involves the apportionment of that accretion between the upland owners.  The apportionment of accretions is an equitable exercise.  *Nord v. Herrman,* 621 N.W.2d 332, 335 (N.D. 2001); *Lorusso v. Acapesket Imp. Ass'n, Inc.* 564 N.E.2d 360, 367 (Mass. 1990); *Perpignani v. Vonasek,* 408 N.W.2d 1, 8 (Wis. 1987); *Lake Conway Shores Homeowners Ass'n, Inc. v. Driscoll,* 476 So.2d 1306, 1308 (Fla. App. 5 Dist. 1985).  The courts have recognized that "it is absolutely impossible to formulate a mathematical or geometrical rule that can be applied to all situations" in

apportioning accretions. *Hayes v. Bowman,* 91 So.2d 795, 801 (Fla. 1957). The goal of apportionment is to give each riparian owner a proportionate share of river frontage. *Lethin v. United States,* 583 F.Supp. 863, 868 (D. Or. 1984). With that goal in mind, a court may choose among a variety of apportionment methods depending on the facts of the case. *Id.*

Defendants have concluded that the boundary line through the accretion drawn by plaintiffs' surveyor represents the equitable apportionment of the accretion in this case between plaintiffs and the United States. Although extending the upland boundary line without a change in direction (as the Forest Service survey did) is sometimes permissible, it is a disfavored method for apportioning accretions. See, *Lake Front-East Fifty-Fifth Street v. City of Cleveland ,* 7 Ohio Supp. 17, 29-30 (Ohio Common Pl. 1939), *Deering v. Gahm,* 84 N.W. 2d 223, 224 (Iowa 1957); *Lake Conway Shores Homeowners Ass'n, Inc. v. Driscoll,* 476 So.2d 1306, 1308-09 (Fla. 1985); *Gillilan v. Knighton,* 420 So.2d 924, 926 (Fla. App. 2 Dist. 1982). See also, 65 ALR2d 143 Apportionment and Division of Area of River as Between Riparian Tracts Fronting on Same Bank.

Conversely, the line drawn by plaintiffs' surveyor results in apportionment of the accretion in such a way that the each upland owner's water frontage along the new line of ordinary high water is in the same proportion as the water frontage along the old meander line. This is the method of apportionment approved by the Supreme Court in *Johnston v. Jones,* 66 U.S. 209 (1861). In this case, the United States has concluded that the method used by plaintiffs represents the more equitable apportionment of the accretion. Accordingly, the United States has filed the attached disclaimer of the area between the southern boundary lines drawn by the Forest

Service and plaintiffs' surveyors.

The cases that have dealt with disclaimers have treated the confirmation of the a disclaimer as largely ministerial, and indicated that the courts will confirm a disclaimer made in good faith. *Leisnoi v. United States,* 313 F.3d 1181, 1184 & n.5 (9th Cir. 2002) ("Once the United States filed its disclaimer of the land claimed by Leisnoi, the plain terms of §2409a(e) deprived the district court of jurisdiction ); *Lee v. United States,* 809 F.2d 1406, 1409-1410 (9th Cir. 1987); *W. H. Pugh Coal Company v. United States*, 418 F.Supp. 538, 539 (E.D. Wis. 1976)("Under these circumstances, the confirmation of the disclaimer of the United States is deemed a formality and one which this court should not deny. *** I am not persuaded that there has been bad faith on the part of counsel for either the United States or the state of Wisconsin...."); *Madan v. United States,* 850 F.Supp. 148, 151 (N.D.N. Y. 1994)  ("Since the government has already filed with the Broome Count Clerk's Office a certificate confirming that the United States has no interest in the subject property, the confirmation of the disclaimer of the United States is deemed a formality...."); see also,  *Baker v. FCH Services, Inc.,* 376 F.Supp. 1365, 1368 (S.D. N.Y. 1974) (dismissing action where United States failed to claim an interest in the property and affirmatively stated that it would oppose reconveyance of the property to the United States); *Bily v. Illinois Central Gulf Railroad Co.,* 637 F.Supp. 127 (N.D. Ill. 1986) (confirming United States' disclaimer without adjudicating title).

Here, the decision of the United States to disclaim is not based on bad faith, but on Supreme Court precedent.  Accordingly, the Court should confirm the disclaimer.

III.  THE COURT LACKS JURISDICTION OVER THE REMAINDER OF THE ACCRETION

As dispute over the ownership of the accretion exists only with regard to the sliver the United States has disclaimed.  Because no dispute exists as to the remainder of the accretion, the case has no jurisdiction of that portion of the accretion.  *Leisnoi Inc. v. United States,* 267 F.3d 1019, 1023 (9th Cir. 2001).  The Forest Service has taken the position that the plaintiffs owned the accretion up to the line of ordinary high water and that the State of Alaska owned the submerged lands below the line of ordinary high water.  Fed. Def. Exh. 3.  In *Alaska v. United States,* 545 U.S. 75 (No. 128 Original) (2005), the United States disclaimed (subject to exceptions not applicable here) title to the marine submerged lands in the Tongass National Forest, including tidally affected stream beds.  The only possible dispute between the United states and plaintiffs involved the location of the northern and southern boundaries of plaintiffs lot through the accretion.  However, both the plaintiffs' and the Forest Service surveyors placed the northern boundary in the same location.  Cf. Fed. Def. Exh. 2 and Exh. 1. to Amended Complaint.  The Forest Service surveyor placed signs along the southern boundary he drew across the accretion indicating that the land to the south was national forest land.  Amended Complaint ¶ 15.  His action created a disputed title with regard to the lands to the south, but no such dispute as to the lands to the north.  Because no disputed title exists with regard to the lands to the north of the disclaimed parcel the Court lacks QTA jurisdiction over those lands.  *Leisnoi v. United States,* 267 F.3d at 1023.

V.  THE COURT SHOULD DISMISS THE ACTION

The QTA provides that when a court confirms the disclaimer of the United States, the

jurisdiction of the court ceases unless it has jurisdiction on other grounds.  28 U.S.C. § 2409a(e).

As shown above, there is no jurisdiction over the lands north of the disclaimer.  Accordingly, the

Court should dismiss the action after confirming the disclaimer.  *See, Alaska v. United States,*

126 S.Ct. 1014, 1015 (2006) (confirming disclaimer and dismissing count relating to submerged

lands in the Tongass National Forest).

RESPECTFULLY SUBMITTED this 7th day of July, 2006, at Anchorage, Alaska.

> /s.  Bruce M. Landon
> BRUCE M. LANDON
> U.S. Department of Justice
> Environment & Natural Resources Division
> 801 B Street, Suite 504
> Anchorage, Alaska  99501-3657
> Telephone: (907) 271-5452
> Facsimile:  (907) 271-5827
> Email: bruce.landon@usdoj.gov
>
> Attorney for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th  day of July, 2006,  a copy of the foregoing
MEMORANDUM IN SUPPORT OF MOTION FOR CONFIRMATION OF DISCLAIMER OF
INTEREST AND FOR DISMISSAL and Exhibits were served electronically on the following
counsel of record:

Z. Kent Sullivan


s/ Bruce M. Landon