BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:  (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KURT F. REINWAND and LYNN D. REINWAND, TRUSTEES OF THE KURT F. AND LYNN D. REINWAND LIVING TRUST<br><br>     Plaintiff,<br><br> v.<br><br>THE UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE, FOREST SERVICE,<br><br>     Defendant. | Case No. 1:05-cv-0016 (JWS) |

MEMORANDUM IN SUPPORT OF
MOTION FOR CONFIRMATION OF DISCLAIMER OF INTEREST
AND FOR DISMISSAL

  The United States has moved for confirmation of the disclaimer of interest attached

hereto as Defendants' Exhibit 1 and for dismissal of this action.  As set forth below, plaintiffs'

Amended Complaint establishes jurisdiction under the Quiet Title Act (QTA), 28 U.S.C. §

2409a, as to a small portion of the land described in the complaint.  The United States disclaims

MEM. MOT. FOR CONFIRMATION
Reinwand v. US, 1:05-cv-0016 (JWS)    1

that small portion. The QTA provides that when the court confirms a disclaimer of the United States, the jurisdiction of the court shall cease unless it has jurisdiction of the civil action or suit on other grounds. 28 U.S.C. § 2409a(e). The Amended Complaint does not establish jurisdiction beyond the land disclaimed. Accordingly, the Court should confirm the disclaimer and dismiss the action. A proposed order confirming the disclaimer and dismissing the action accompanies the motion.

## BACKGROUND

Plaintiffs are owners of a private inholding in Admiralty Island National Wilderness on the Tongass National Forest. Amended Complaint ¶¶ 6, 17. They trace their title back to a homestead patent issued in 1924. Amended Complaint ¶ 9. The eastern boundary of plaintiffs' land is a tidally-affected stream. Amended Complaint ¶ 8. Since the original survey, there has been significant accretion to the plaintiffs' uplands. *Id.* Plaintiffs seek to quiet title to the accretions. The United States owns the uplands adjacent to plaintiffs' north, west and south boundaries. Exh. 1 to Amended Complaint. The national forest land to the immediate south of plaintiffs' parcel is acquired land. Amended Complaint ¶¶ 13-14. It was part of the same homestead through which plaintiffs trace their own title, and was bought by the United States from the Trust for Public Land in 1988. *Id.*

In general, the Forest Service views the accretion question as a dispute between plaintiffs and the State of Alaska. The Forest Service has taken the position that plaintiffs are entitled to the accretions up to the line of ordinary high water. Fed. Def. Exh. 3. The Forest Service has also taken the position that the State of Alaska holds the submerged lands below the line of

ordinary high water. *Id.* In *Alaska v. United States,* 545 U.S. 75 (No. 128 Original) (2005); *decree entered,* 126 S.Ct. 1014 (2006), the United States disclaimed (subject to exceptions not applicable here) title to the marine submerged lands in the Tongass National Forest, including the tidally affected portions of stream beds.

The Forest Service issues commercial outfitter permits for national forest lands in the area. Fed. Def. Exh. 3. For several years, the plaintiffs have complained that the outfitters or their clients were trespassing on accretions claimed by plaintiffs. *Id.* The Forest Service made clear to the outfitters that their permits did not allow them to trespass on private land. *Id.*. The outfitters insisted that neither they nor their clients trespassed on the private land. *Id.* The plaintiffs continued to complain that the outfitters and their clients were trespassing on plaintiffs' land. *Id.*

In an effort to eliminate conflicts between the plaintiffs and the outfitters, the Forest Service undertook to survey the accretion in 2003 and posted signs along the southern boundary of plaintiffs' lot and its accretion. *Id.*; Fed. Def. 2. The signs stated that the land south of them was national forest land. Amended Complaint ¶ 15. The Forest Service surveyor located the plaintiffs' southern boundary through the accretion by extending the upland boundary line without a change in bearing from the old meander line to the new line of ordinary high water. Fed. Def. Exh. 2.

Plaintiffs subsequently had their own survey done. Plaintiffs' surveyor drew the boundary by extending the southern boundary from the old meander line to the new line of ordinary high water using a bearing slightly to the southeast of the bearing of the upland southern

boundary. Exh. 1, Amended complaint. Plaintiffs then filed a quiet title action in this Court against the United States, and another quiet title action in state court against the State of Alaska. Amended Complaint ¶ 18.

ARGUMENT

I. THE COURT HAS JURISDICTION ONLY OVER THE LAND BETWEEN THE BOUNDARY LINE DRAWN BY THE FOREST SERVICE SURVEYOR AND THE LINE DRAWN BY PLAINTIFFS' SURVEYOR

The Quiet Title Act (QTA), 28 U.S.C. § 2409(a), is the exclusive remedy for the adjudication of the United States' claims to real property. *Block v. North Dakota,* 461 U.S. 273 (1983). In the Ninth Circuit, two conditions must exist before a district court can exercise jurisdiction over an action against the United States under the Quiet Title Act: (1) the United States must claim an interest in the property at issue; and (2) there must be a disputed title to property between the interests of plaintiff and the government. *Leisnoi v. United States,* 267 F.3d 1019, 1023 (9th Cir. 2001). The first condition does not require that the interest claimed by the government be disputed. *Id.* The second condition is met when the claim of the United States "clouds the plaintiff's title." *Id.*

The Amended Complaint satisfies both conditions as to a small portion of the accretion parcel described in the Amended Complaint. The first requirement is met as to the entire accretion because the United States claims an interest in the uplands and accretions by virtue of easements reserved in the original patent. Exh. 5 to Amended Complaint; *Leisnoi v. United States,* 170 F.3 1188, 1191 (9th Cir. 1999).

The second condition is met as to the portion of the accretion between the southern

boundary of plaintiffs' lot through the accretion as drawn by the Forest Service surveyor and the line drawn by plaintiffs' surveyor. When the Forest Service surveyor surveyed the accretion along the southern boundary of plaintiffs' inholding, he extended a "tie" from the point of intersection between the original upland southern boundary of plaintiffs' parcel and the original meanderline to the new line of ordinary high water using the same bearing as the remainder to the southern boundary. Fed. Def. Exh. 2. He placed signs along the tie, stating that the land to the south of the sign was national forest property. Amended Complaint ¶ 15. Plaintiffs' surveyor extended the southern boundary along a line slightly to the southeast of the bearing used by the Forest Service official. Thus, there is a disputed title as to the sliver of the accretion south of the tie marked by the Forest Service official and north of the southern boundary as surveyed by plaintiffs' surveyor. Attached to this memorandum is a diagram showing the disputed area, which forms a triangle with sides: 243.62, 13.55 and 247.33 feet. Fed. Def. Exh. 4. The area of the sliver is approximately 1600 square feet, or one twenty-seventh of an acre.

II. THE COURT SHOULD CONFIRM THE DISCLAIMER OF THE UNITED STATES

The location of plaintiffs' southern boundary through the accretion involves the apportionment of that accretion between the upland owners. The apportionment of accretions is an equitable exercise. *Nord v. Herrman,* 621 N.W.2d 332, 335 (N.D. 2001); *Lorusso v. Acapesket Imp. Ass'n, Inc.* 564 N.E.2d 360, 367 (Mass. 1990); *Perpignani v. Vonasek,* 408 N.W.2d 1, 8 (Wis. 1987); *Lake Conway Shores Homeowners Ass'n, Inc. v. Driscoll,* 476 So.2d 1306, 1308 (Fla. App. 5 Dist. 1985). The courts have recognized that "it is absolutely impossible to formulate a mathematical or geometrical rule that can be applied to all situations" in

apportioning accretions. *Hayes v. Bowman,* 91 So.2d 795, 801 (Fla. 1957). The goal of apportionment is to give each riparian owner a proportionate share of river frontage. *Lethin v. United States,* 583 F.Supp. 863, 868 (D. Or. 1984). With that goal in mind, a court may choose among a variety of apportionment methods depending on the facts of the case. *Id.*

Defendants have concluded that the boundary line through the accretion drawn by plaintiffs' surveyor represents the equitable apportionment of the accretion in this case between plaintiffs and the United States. Although extending the upland boundary line without a change in direction (as the Forest Service survey did) is sometimes permissible, it is a disfavored method for apportioning accretions. See, *Lake Front-East Fifty-Fifth Street v. City of Cleveland ,* 7 Ohio Supp. 17, 29-30 (Ohio Common Pl. 1939), *Deering v. Gahm,* 84 N.W. 2d 223, 224 (Iowa 1957); *Lake Conway Shores Homeowners Ass'n, Inc. v. Driscoll,* 476 So.2d 1306, 1308-09 (Fla. 1985); *Gillilan v. Knighton,* 420 So.2d 924, 926 (Fla. App. 2 Dist. 1982). See also, 65 ALR2d 143 Apportionment and Division of Area of River as Between Riparian Tracts Fronting on Same Bank.

Conversely, the line drawn by plaintiffs' surveyor results in apportionment of the accretion in such a way that the each upland owner's water frontage along the new line of ordinary high water is in the same proportion as the water frontage along the old meander line. This is the method of apportionment approved by the Supreme Court in *Johnston v. Jones,* 66 U.S. 209 (1861). In this case, the United States has concluded that the method used by plaintiffs represents the more equitable apportionment of the accretion. Accordingly, the United States has filed the attached disclaimer of the area between the southern boundary lines drawn by the Forest

Service and plaintiffs' surveyors.

The cases that have dealt with disclaimers have treated the confirmation of the a disclaimer as largely ministerial, and indicated that the courts will confirm a disclaimer made in good faith. *Leisnoi v. United States,* 313 F.3d 1181, 1184 & n.5 (9th Cir. 2002) ("Once the United States filed its disclaimer of the land claimed by Leisnoi, the plain terms of §2409a(e) deprived the district court of jurisdiction "); *Lee v. United States,* 809 F.2d 1406, 1409-1410 (9th Cir. 1987); *W. H. Pugh Coal Company v. United States*, 418 F.Supp. 538, 539 (E.D. Wis. 1976)("Under these circumstances, the confirmation of the disclaimer of the United States is deemed a formality and one which this court should not deny. *** I am not persuaded that there has been bad faith on the part of counsel for either the United States or the state of Wisconsin...."); *Madan v. United States,* 850 F.Supp. 148, 151 (N.D.N. Y. 1994) ("Since the government has already filed with the Broome Count Clerk's Office a certificate confirming that the United States has no interest in the subject property, the confirmation of the disclaimer of the United States is deemed a formality...."); see also, *Baker v. FCH Services, Inc.,* 376 F.Supp. 1365, 1368 (S.D. N.Y. 1974) (dismissing action where United States failed to claim an interest in the property and affirmatively stated that it would oppose reconveyance of the property to the United States); *Bily v. Illinois Central Gulf Railroad Co.,* 637 F.Supp. 127 (N.D. Ill. 1986) (confirming United States' disclaimer without adjudicating title).

Here, the decision of the United States to disclaim is not based on bad faith, but on Supreme Court precedent. Accordingly, the Court should confirm the disclaimer.

III. THE COURT LACKS JURISDICTION OVER THE REMAINDER OF THE ACCRETION

As dispute over the ownership of the accretion exists only with regard to the sliver the United States has disclaimed.  Because no dispute exists as to the remainder of the accretion, the case has no jurisdiction of that portion of the accretion.  *Leisnoi Inc. v. United States,* 267 F.3d 1019, 1023 (9th Cir. 2001).  The Forest Service has taken the position that the plaintiffs owned the accretion up to the line of ordinary high water and that the State of Alaska owned the submerged lands below the line of ordinary high water.  Fed. Def. Exh. 3.  In *Alaska v. United States,* 545 U.S. 75 (No. 128 Original) (2005)*,* the United States disclaimed (subject to exceptions not applicable here) title to the marine submerged lands in the Tongass National Forest, including tidally affected stream beds.  The only possible dispute between the United states and plaintiffs involved the location of the northern and southern boundaries of plaintiffs lot through the accretion.  However, both the plaintiffs' and the Forest Service surveyors placed the northern boundary in the same location.  Cf. Fed. Def. Exh. 2 and Exh. 1. to Amended Complaint.  The Forest Service surveyor placed signs along the southern boundary he drew across the accretion indicating that the land to the south was national forest land.  Amended Complaint ¶ 15.  His action created a disputed title with regard to the lands to the south, but no such dispute as to the lands to the north.  Because no disputed title exists with regard to the lands to the north of the disclaimed parcel the Court lacks QTA jurisdiction over those lands.  *Leisnoi v. United States,* 267 F.3d at 1023.

V.  THE COURT SHOULD DISMISS THE ACTION

The QTA provides that when a court confirms the disclaimer of the United States, the jurisdiction of the court ceases unless it has jurisdiction on other grounds.  28 U.S.C. § 2409a(e).  As shown above, there is no jurisdiction over the lands north of the disclaimer.  Accordingly, the Court should dismiss the action after confirming the disclaimer.  *See, Alaska v. United States*, 126 S.Ct. 1014, 1015 (2006) (confirming disclaimer and dismissing count relating to submerged lands in the Tongass National Forest).

RESPECTFULLY SUBMITTED this 7th day of July, 2006, at Anchorage, Alaska.

>  /s.  Bruce M. Landon
>  BRUCE M. LANDON
>  U.S. Department of Justice
>  Environment & Natural Resources Division
>  801 B Street, Suite 504
>  Anchorage, Alaska  99501-3657
>  Telephone: (907) 271-5452
>  Facsimile:  (907) 271-5827
>  Email: bruce.landon@usdoj.gov
>
>  Attorney for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th  day of July, 2006,  a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR CONFIRMATION OF DISCLAIMER OF INTEREST AND FOR DISMISSAL and Exhibits were served electronically on the following counsel of record:

Z. Kent Sullivan


s/ Bruce M. Landon

BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KURT F. REINWAND and LYNN D. REINWAND, TRUSTEES OF THE KURT F. AND LYNN D. REINWAND LIVING TRUST<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE, FOREST SERVICE,<br><br>Defendant. | Case No. 1:05-cv-0016 (JWS) |

DISCLAIMER

Pursuant to 28 U.S.C. § 2409a(e), the United States disclaims any property interest in the following described lands except for those property interests retained or reserved on the face of Patent No. 936822, dated May 24, 1924, or statutorily reserved:

A sliver of accreted land lying easterly of Lot B USS 1159

DISCLAIMER
Reinwand v. US
1:05-cv-0016 (JWS)   1

Exhibit 1

Commencing from the True Point of Beginning being the Southeast corner of Lot A USS 1159 also being the Northeast corner of Lot B of USS 1159 being marked by a 2&1/2 inch aluminum monument with 3 inch Forest Service cap, thence the following courses; thence N89° 50'E for 243.62 ft.; thence S14° 32' 35"E for 13.55 ft.; thence N87° 07' 30"W for 247.33 ft., to the True Point of Beginning, the Area being 1599.05 Sq. ft. or 0.04 Acres.

RESPECTFULLY SUBMITTED this 7th day of July, 2006, at Anchorage, Alaska.

    s/ Bruce M. Landon
BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:  (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Defendants

DISCLAIMER    Exhibit 1
Reinwand v. US
1:05-cv-0016 (JWS)    2



Fed Def Exh 2
1 of 2



Fed Def Exh 2
2 of 2



| United States Department of Agriculture | Forest Service | Alaska Region | P.O. Box 21628<br>Juneau, AK 99802-1628 |
|---|---|---|---|

File Code: 1510/2300
Date: August 5, 2004

The Honorable Ted Stevens
United States Senator
United States Senate
522 Hart Building
Washington, DC 20510

Dear Senator Stevens:

This letter is in response to Ms. Karina Waller's e-mail to Deputy Regional Forester Steve Brink regarding concerns Mr. Jerry Reinwand has reported with respect to his private property on Admiralty Island near the Tongass National Forest. Mr. Reinwand has also been in contact with the Forest Service in Alaska about his alleged concerns that Bear Creek Outfitters, under a special-use permit authorized by the Forest Service, has been trespassing on his property at Wheeler Creek.

The Forest Service has been working with Mr. Reinwand and Bear Creek Outfitters for several years to resolve Mr. Reinwand's alleged concerns. The Forest Service has taken steps to alleviate these concerns, including surveying and marking of the Tongass National Forest boundary adjacent to his property in 2003 and notifying Bear Creek Outfitters of the alleged concerns expressed by Mr. Reinwand. A copy of our July 2003 letter to Senator Lisa Murkowski on this issue is attached to provide further background about the situation.

Mr. Reinwand's property is located approximately one-half mile upstream from the ocean at Game Cove on the west side of Admiralty National Monument, and includes about 900 feet of frontage along Wheeler Creek. Due to the gentle stream gradient and low elevation of Mr. Reinwand's property, his stream frontage is within that portion of Wheeler Creek that is influenced by the ocean tides. Because of this, we believe the boundary of that portion of Mr. Reinwand's property adjacent to Wheeler Creek lies along the mean high tide line, with Mr. Reinwand owning the land above mean high tide and the State of Alaska owning the land below mean high tide. The Forest Service currently authorizes outfitter-guide use only above mean high tide throughout the Tongass National Forest.

Currently, there is no proof that Bear Creek Outfitters is violating the terms of their special-use permit. The staff at the Admiralty National Monument has been in frequent contact with Bear Creek Outfitters, and has received assurance that they are operating on National Forest System lands and State of Alaska tidelands, and that they do not guide their clients on private property.

As specified in the terms and conditions of their special-use permit, Bear Creek Outfitters has the right to use the Tongass National Forest at Wheeler Creek to operate guided fishing trips, and the Forest Service has no jurisdiction for enforcement of private property rights. Mr. Reinwand should contact the appropriate State of Alaska authorities if he believes that his property is being trespassed.

*Fed Def Exh. 3*
*1 of 2*



Caring for the Land and Serving People   Printed on Recycled Paper

The Admiralty National Monument staff will continue to work with Mr. Reinwand and Bear Creek Outfitters as they relate to access to National Forest System lands. Relative to his alleged concerns about trespass from State land on to his property, we recommend that Mr. Reinwand survey and clearly mark his property boundary located at the mean high tide line bordering Wheeler Creek and contact the appropriate State of Alaska authorities.

Sincerely,


DENNIS E. BSCHOR
Regional Forester

Enclosure

cc:
Legislative Affairs, WO
Recreation Staff, WO
Public Affairs Staff, WO
Recreation, Lands and Minerals Staff, R10
Ecosystem Planning Staff, R10
Susan Marthaller, District Ranger, ANM
Office of the General Counsel

Fed Def Exh 3
2 of 2



Fed Def, Exh 4, 1 of 1